## DISTRIBUTION OF THE PROCEEDS OF LAND OF A TESTATOR.

### Circuit Court of Stark County.

ANNA KNISELY v. PERRY H. YOUNG, EXECUTOR OF HIRAM K. DICKEY, ET AL.

### Decided, February Term, 1912.

*Wills—Law of Distribution Prevails Over Law of Descent, When—Title Cast Upon Executors Until Termination of Life Estate—Quit-Claim Deed Executed by Son Before Termination of Life Estate Invalid.*

1. Where a testator vests in his widow a life estate in his lands, with the provision that within a reasonable time after the death of his widow certain land shall be sold by the executors named in the will and the proceeds divided equally between his five children, or if any of his children should decease before distribution the share of such child or children should go to his or their heirs, "so that the proceeds of said lot may vest in my children and their heirs forever," the power given to the executors with respect to conferring title is a power coupled with an interest and vests the fee in the executors.

2. In such a case the law of succession with respect to the proceeds from the sale of said land when finally made by the executors is not found in the statute of descent but of distribution, and the time of the distribution determines who are the legatees; and a quit-claim deed given by one of the sons to his divorced wife of all his right, title and interest in said land, executed during the lifetime of their mother, is void and without effect.

*D. F. Reinoehl*, for plaintiff in error.
*Lynch & Day*, contra.

SHIELDS, J.; VOORHEES, J., and POWELL, J., concur.

This proceeding in error is prosecuted to reverse the judgment of the court of common pleas.

It appears that Perry H. Young, as executor of Hiram K. Dickey, deceased, filed his petition in the Court of Common Pleas

of Stark County, Ohio, setting forth, in substance, that on the — day of May, 1884, the said Hiram K. Dickey died, leaving his last will and testament, unrevoked and in full force; that on the — day of May, 1884, said will was duly probated and admitted to record in said Stark county; that the said Perry H. Young and T. J. Reed were named in the said will as executors thereof, and that on the — day of May, 1884, the said Perry H. Young, with said T. J. Reed, duly qualified as such; that said T. J. Reed died on the — day of March, 1909, leaving the said Perry H. Young the sole surviving executor of said will; that the said Hiram K. Dickey, deceased, died possessed of real and personal property, leaving as his widow, Elizabeth Dickey, and the following named persons, his children and his only heirs at law: Hiram W. Dickey, Kate Webb, Belle Reed, William C. Dickey and Lizzie N. Young; that Elizabeth Dickey, widow, died July 10, 1909; that after the death of the said Hiram K. Dickey and before the death of the said Elizabeth Dickey, widow, the said William C. Dickey, one of the children and heirs at law of the said Hiram K. Dickey, on June 11, 1884, by quit-claim deed conveyed and transferred all his right, title and interest in and to the real estate of the said Hiram K. Dickey to Anna L. Knisely, the plaintiff in error herein, who claims to own whatever share the said William C. Dickey would be entitled to receive were he living at the time of the distribution of said estate as provided by the terms of said will; that immediately upon the execution and delivery of said deed to the said Anna L. Knisely, on the — day of ———, 1884, the said William C. Dickey disappeared, and is believed to be dead, and was and is believed to have died before the death of the said Elizabeth Dickey, widow as aforesaid; that the said William C. Dickey left surviving him Grace Walters, his daughter and only heir at law; that Hiram W. Dickey, one of the children and heirs at law of the said Hiram K. Dickey, died January 25, 1907, devising his estate and property to his widow, Clara L. Dickey; that by reason of the attempted conveyance of his said interest in said estate by the said William

C. Dickey, and his probable death before the time of vesting and distribution provided for in said will, and the death of the said Hiram W. Dickey, leaving a will disposing of his interest in said estate to others than those mentioned in the will of the said Hiram K. Dickey, deceased, it is impossible for said execu-·tor to determine to whom the said estate of the said Hiram K. Dickey should legally be distributed; that as such executor he has in his hands the proceeds of sale of the real estate of the said Hiram K. Dickey, ready for distribution, but that he can not safely make such distribution without a construction of said will, and he therefore prays the direction and judgment of the court. ·

It appears that all of the defendants in said proceeding entered their appearance by waiver; that answers were filed by Clara L. Dickey, widow of Hiram W. Dickey, deceased, and William M. Dickey, as guardian of Thomas W. Dickey, and Grace Walters, the daughter and only child and heir at law of . William C. Dickey, deceased, filed an answer and cross-petition in which she sets up that she has no personal knowledge as to whether William C. Dickey conveyed or undertook to convey and transfer to Anna L. Knisely, on or about June 11, 1884, any interest in said Hiram K. Dickey's estate, as averred in the plaintiff's petition, and she therefore denies that any such conveyance ever was in fact made, and denies that the said Anna L. Knisely now has any interest in or claim to the real estate described in said petition. She further sets up that the said William C. Dickey died long before the death of his mother, Elizabeth Dickey; that it was not necessary to sell or dispose of the real estate referred to in said petition to pay said testator's debts and legacies, and that said real estate was not sold during the lifetime of the widow, Elizabeth Dickey, but was sold since the death of the said Elizabeth Dickey, widow. She further sets up that upon the death of said testator's widow the said Grace Walters became seized under the provisions of testator's will, as the only child of the said William C. Dickey, of an undivided one-fifth interest in the real estate of said testator, and in the

proceeds of the sale thereof, and she prays that she be adjudged and decreed to be the owner of and to be entitled to receive one-fifth of the proceeds of the estate of the said Hiram Dickey arising out of the sale of the real estate described in said testator's will, and referred to in said petition.

Said cause was submitted to the court below upon the pleadings and evidence, and it was adjudged and decreed by the court that:

"The plaintiff as executor of said last will and testament be, and he hereby is instructed and directed to proceed to distribute the proceeds of the sale of said real estate described in Item 6 of said will, subject to distribution, after the costs of this proceeding and costs and expenses of administration had been paid, and the net rents, issues and profits of said real estate, accruing since the death of the widow, Elizabeth Dickey, as follows: to the defendants Grace Walters, Belle Reed and Lizzie N. Young each a one-fifth part thereof; to Frank Webb and Arline Pratt, as executors and legal representatives of Kate Webb, the one-fifth part thereof; and to the defendants William M. Dickey, Clara M. Whittier, Belle V. Rahles and Thomas W. Dickey the one-fifth thereof subject to distribution."

Anna L. Knisely, the plaintiff in error herein, filed her motion in said proceeding to vacate said judgment and decree rendered against her for irregularity in taking the same against her, when she was not in default upon the cross-petition of Grace Walters upon which the decree against her was taken, which said motion was by said court overruled, to which action of the court in overruling said motion the said Anna L. Knisely excepted.

Error is prosecuted in this court for a reversal of the judgment and decree of the court below, and the petition in error contains the following assignments of alleged error for such reversal:

(1)    Said court erred in its judgment and decree in the construction of the last will and testament of the said Hiram K. Dickey.

(2)    Said judgment and decree is contrary to the law and the facts of the case.

.(3)   Said court erred in overruling the motion of the plaintiff in error to set aside and vacate said decree for irregularities mentioned in said motion.

It appears that the provisions in Item 6 in said will prompted the executor to seek the aid of the court for instruction and direction as to his duty in making a distribution of the proceeds of sale of the real estate of the said testator.   Said Item 6 reads as follows:

"It is my will that within a reasonable time after the death of my wife my executors proceed to sell said lot above described at public or private sale as they deem best, and divide the proceeds equally between my five children—Hiram W. Dickey, Mrs. Kate Webb, Mrs. Belle Reed, W. C. Dickey and Mrs. Lizzie N. Young, and should any of said children be deceased at the time of my death or the distribution of said proceeds of sale, then the share of any such to go to the heirs of such deceased child or children, so the proceeds of said lot may vest in my children and their heirs forever."

(1)   A reading of the will shows that after directing his executors to erect a family monument on his lot in the Massillon cemetery, and after making certain specific bequests of personal property to one of his grandchildren and to his wife, the testator gives to his wife a life estate in his real estate which is followed by the provision in said Item 6.

Without stopping to discuss the primary principle that a will should be considered in all its parts with the view of ascertaining the intention of the testator, let us proceed at once to an analysis of the clause of the will in dispute, for it is conceded that the main controversy here depends upon the construction of Item 6 in said will.

The first inquiry arises as to where the title to the property in question is cast by the terms of the will.   It is well settled by the courts of this state that title to real estate must rest somewhere.   It can not rest *in nubibus.*

In some jurisdictions it is held that the title may be in abeyance, but it is otherwise held in this state.   *Gilpin* v. *Williams,* 25 O. S., 283-295.

It is clear that the title to said real estate, upon the death of said testator, did not pass to the widow of the testator, because her only title was to an estate for her natural life. Did it pass to and invest in the children and heirs at law of the testator, or did it pass to and invest in the executors named in the testator's will?

The fee simple title was in the testator until his death, and it would either pass, under the laws of descent, to his children and heirs at law, or per force of the legal effect of the provisions of Item 6, to the executors.

The ordinary rules of construction leave no room for doubt that the directions to the executors in Item 6 in the will to sell said real estate is imperative, and that the duty of making said sale either at public or private sale is expressly enjoined upon the executors is likewise clear, with an unlimited discretion to dispose of it as they may think best. It is true that the executors are not designated by name in this connection, but we regard this as immaterial. A somewhat similar case in this respect was passed upon by our Supreme Court in the case of *Collier* v. *Grimsey*, 36 O. S., 17, where the executors were not expressly named as the persons who should make sale of the real estate under a will, and where the court held:

"The duty of making the sale and dividing the proceeds is imposed on the executors," and "as one of the executors refused to act, the duty of excuting the trust devolved under the statute upon the other executor."

Here, as there, the direction to sell is not optional, but mandatory. Under the direction contained in said Item 6 in the will the executors are not only required to make sale of said real estate, but they are also required to divide the proceeds of sale equally between the said testator's children or heirs, after such sale. Here, then, the executors are not only authorized and required to sell said real estate, but after converting it into money they are directed to distribute such moneys between the testator's children or heirs then living. What is the legal effect

of such power thus given in respect to conferring title? Is it not a power coupled with an interest, and vests the fee in the executors? Where, in a will, a testator confers power upon his executors to sell his real and personal property at public or private sale, and distributes the proceeds of sale among beneficiaries designated in the will, it is a power coupled with an interest, and will be so construed, if the other parts of the will seem to require it, in order to carry out the intention of the testator, and in such case, by force of the will, the title to the real estate is vested in fee simple in the executors, and does not descend to the heirs. *Williams* v. *Veach*, 17 Ohio, 171.

Applying the principle of law laid down in this case to the facts before us, the conclusion is clear, in our judgment, that the title to the real estate in question vests in the executors named in the will of the testator.

(2) Looking at the phraseology employed in said Item 6 in the will, it appears that the testator intended to devolve the making of the sale and distribution of the proceeds of sale of his real estate upon the executors named in his will. At the time of the execution of the will there was apparently in the mind of the testator a fixed purpose to keep the estate intact, after the termination of the life estate therein provided for his widow, by a continuing supervision and control over it by the executors until it was converted into personalty and distributed among his children. First, he directs a sale of his real estate by the executors, then that they divide the proceeds of said sale equally between the testator's children.

In our judgment, no rule of construction need be invoked to elucidate the meaning of the language here employed. The execution of this trust, by the express terms of the will, is confided exclusively to the executors, and rests wholly with them, independent of his children and heirs.

(3) But the executors, in Item 6 in the will, are not only directed to sell the real estate and divide the proceeds of said sale between his children, but said item contains the following limitation;

"And should any of said children be deceased at the time of my death or the distribution of said proceeds of sale, then the share of any such to go to the heirs of such deceased child or children so the profits of said lot may rest in my children and their heirs forever."

As before stated, the testator at the time of the execution of his will seems to have framed up in his mind a scheme or purpose which, when carried out by his executors, would secure to his children an equal distributive share in his estate. Whatever may have been in his mind as the underlying cause in limiting the distribution of his estate to the heirs of any one of his children who might be deceased at the time of his death, or at the time of the distribution of his estate, is not known, the natural inference being, however, that he desired none but those of his own blood to share his estate.

Obviously there could be no distribution until after the sale of the real estate, and after such sale the fund in the hands of the executors became personal property, and therefore whatever the beneficiaries take under the will they take as a bequest of personalty and not as a devise of land. The thing to be distributed was money, not land. It makes no difference that the fund to be distributed is the proceeds of that which was land at the date of the will, or at the testator's death. The bequest is nevertheless the legacy, and when vested in interest in the legatee, whatever may be the time for its payment, the law of succession in respect to it is to be found in the statute, not of descent, but of distribution. *Richey* v. *Johnson*, 30 O. S., 288.

Now, under the clause of the will referred to, who are, or were, the legatees under the will at the time distribution was made by the executors? For, in our judgment, the time of distribution, under the terms of the will, determines who were such legatees.

Was Grace Walters one of such legatees? It appears that she is a daughter and only child and heir at law of William C. Dickey, one of the children of Hiram K. Dickey, deceased, and that the said William C. Dickey died prior to the death of Eliza-

beth Dickey, widow of the said Hiram K. Dickey. It further appears that the said William C. Dickey on or about the 11th day of June, 1884, after the death of the said Hiram K. Dickey, and before the death of his widow, by quit-claim deed conveyed and transferred all his right, title and interest in the real estate of the said Hiram K. Dickey to the plaintiff in error herein. Having found that the title to said real estate, under the terms of said will, vested in the executors therein named, said conveyance was and is, therefore, invalid and void.

The direction to the executors is, "should any of said children be deceased at the time of my death or the distribution of said proceeds of sale then the share of any such to go to the heirs of any such deceased child or children." In view of the conclusion already reached that the bequest herein did not vest until the time for distribution, and Grace Walters being the only child and heir at law of the said William C. Dickey, then deceased, it follows that she takes and inherits the share of said estate that the said William C. Dickey would have taken and inherited had he been living at the time of the distribution of said estate by the executors.

In addition to the authorities referred to herein, the following are also cited as sustaining the conclusions reached: *Barr* v. *Denny*, 79 O. S., 359; *Hamilton* v. *Rodgers*, 38 O. S., 242; *Linton* v. *Boyd*, 19 O. S., 30.

Counsel for plaintiff in error contends that under the terms of the will of Hiram K. Dickey a fee simple title vests in the children upon the death of the testator, while the right of possession is postponed until the termination of the intermediate estate, which here is the life estate of the widow, and he relies principally on the case of *Linton* v. *Laycock*, 33 O. S., 128, to sustain his contention. In the case of *Barr* v. *Denny*, already referred to, which is a case wherein the facts are very similar to those in the case at bar, the judge announcing the opinion of the court in that case refers at length to the case of *Linton* v. *Laycock*, and holds that the rule laid down in the latter case does not apply to the case of *Barr* v. *Denny*. It might also be noted that the case of

*Linton* v. *Laycock* was one involving a devise of real estate, in respect to which a rule of law which favors the vesting of estates applies. It does not apply with the same force to personal estates.

It is also urged upon the attention of the court that the court below erred in overruling the motion of the plaintiff in error to set aside and vacate the decree entered as against her in this proceeding because she was not in default upon the cross-petition of Grace Walters.

It appears that all the parties interested in this proceeding were made parties and were before the court below for the purpose of having their several interests determined. In the petition filed by the executor, Grace Walters is made a party, and her relation to the estate of Hiram K. Dickey, deceased, is fully set forth therein. In her answer and cross-petition she substantially sets up the same state of facts. The view we take of this motion renders any further discussion of it unnecessary, in the light of the construction already given to the will, for whatever might have been the action of Anna L. Knisely under a summons issued upon said cross-petition, the construction of the will by the court below shows that she was not prejudiced in her legal rights by failure to be served with such summons, said court in effect holding that the said William C. Dickey at the time of the execution of the quit-claim deed to Anna L. Knisely had no vested interest in the estate of the said Hiram K. Dickey.

The same decree may therefore be entered herein as in the court below, with a judgment for costs against the plaintiff in error. Exceptions noted.